MARTIN J. AMBACHER (State Bar No. 144596)
martin.ambacher@mcnamaralaw.com
JOHN C. ADAMS (State Bar No. 230373)
john.adams@mcnamaralaw.com
MCNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP
3480 Buskirk Avenue, Suite 250
Pleasant Hill, CA 94523
Telephone: (925) 939-5330
Facsimile: (925) 939-0203

Attorneys for Defendants
CITY OF CONCORD and ANDREA OUSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAART PROGRAMS, INC., BAYMARK HEALTH SERVICES, INC., AND ADDICTION RESEARCH AND TREATMENT, INC.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF CONCORD, ANDREA OUSE, and DOES 1 through 10,<br><br>Defendants. | Case No. 3:18-CV-04652 LB<br><br>**DECLARATION OF JOHN C. ADAMS IN SUPPORT OF DEFENDANTS CITY OF CONCORD AND ANDREA OUSE'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)**<br><br>Date: October 18, 2018<br>Time: 9:30 a.m.<br>Courtroom: C<br>Judge: Hon. Laurel Beeler |

I, John C. Adams, hereby declare:

1. I am an attorney at law duly licensed to practice before the courts of the State of California and the United States District Court, Northern Division of California, and I am an associate with the law firm of McNamara, Ney, Beatty, Slattery, Borges & Ambacher LLP, attorneys for Defendants City of Concord and Andrea Ouse. I have personal knowledge of each matter stated herein.

2. Attached hereto as **Exhibit A** are true and correct copies of excerpts from the City of Concord's Development Code. (Concord, Cal., Municipal Code, Title 18, Development Code.) Cited portions of the Development Code are highlighted. The entire Development Code is 573 pages so we are only providing excerpts. On the City of Concord's website, there is a link

DEC OF JOHN C. ADAMS IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FRCP 12(b)(6)

1  to its current Municipal Code, which is where I obtained the attached excerpts.

2  I declare under penalty of perjury under the laws of the State of California that the
3  foregoing is true and correct. Executed this 12th day of September, 2018 at Pleasant Hill,
4  California.

*John C. Adams*
John C. Adams

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
3480 BUSKIRK AVENUE, SUITE 250, PLEASANT HILL, CA 94523
TELEPHONE: (925) 939-5330

# EXHIBIT A

# Title 18
# DEVELOPMENT CODE

Chapters:

## Division I. Development Code Applicability

| | |
|---|---|
| 18.10 | Title, Purpose, Applicability, and Interpretation |
| 18.15 | Zoning Districts and Zoning Map |
| 18.20 | General Terms |

## Division II. Zoning Districts – Uses and Standards

| | |
|---|---|
| 18.25 | Development and Land Use Approvals |
| 18.30 | Residential Districts (RR, RS, RL, RM, and RH) |
| 18.35 | North Todos Santos District (NTS) |
| 18.40 | Office and Commercial Districts (CO, CMX, NC, SC, and RC) |
| 18.45 | Downtown Districts (DP, DMX, and WMX) |
| 18.50 | Business Park and Industrial Districts (OBP, IBP, IMX, and HI) |
| 18.55 | Public/Quasi-Public District (PQP) |
| 18.60 | Community Land Districts (OS, PR, RLC, and WRC) |
| 18.65 | Study District (S) |

## Division III. Overlay Zoning Districts

| | |
|---|---|
| 18.100 | Airport Overlay District (A) |
| 18.105 | Transit Station Overlay District (TS) |
| 18.110 | Commercial Cannabis Overlay District |

## Division IV. Development Standards

| | |
|---|---|
| 18.150 | General Development Standards |
| 18.155 | Standards for Small Lot and Medium Density Development |
| 18.160 | Parking, Loading, and Access |
| 18.165 | Landscaping |
| 18.170 | Water Efficient Landscaping |
| 18.175 | Stormwater Management |

The Concord Municipal Code is current through Ordinance 18-425.1, and legislation passed through June 12, 2018.

| | |
|---|---|
| 18.180 | Signs |
| 18.185 | Affordable Housing |

### Division V. Standards for Specific Uses

| | |
|---|---|
| 18.200 | Standards for Specific Uses |
| 18.205 | Wireless Communication Facilities for New and Substantially Changed Wireless Facilities |
| 18.207 | Wireless Communication Facilities for Eligible Facilities Requests |
| 18.210 | Adult-Oriented Businesses |

### Division VI. Resource Management

| | |
|---|---|
| 18.300 | Hillside Protection |
| 18.305 | Creek and Riparian Habitat Protection |
| 18.310 | Tree Preservation and Protection |

### Division VII. Permits and Permit Procedures

| | |
|---|---|
| 18.400 | Authority for Land Use and Zoning Decisions |
| 18.405 | Permit Application Filing and Processing |
| 18.410 | Zoning Clearance |
| 18.415 | Design and Site Review |
| 18.420 | Administrative Permits |
| 18.425 | Minor Exceptions |
| 18.430 | Variances |
| 18.435 | Minor Use Permits and Use Permits |
| 18.440 | Planned Development Use Permit |
| 18.445 | Hillside Development Use Permit |
| 18.450 | Historic Preservation |
| 18.455 | General Plan, Specific Plans, Development Code and Zoning Map Amendments |
| 18.460 | Development Agreements |

### Division VIII. Administration

| | |
|---|---|
| 18.500 | Public Hearings |

| | |
|---|---|
| 18.505 | Permit Implementation, Time Limits, Extensions, and Amendments |
| 18.510 | Appeals and Calls for Review |
| 18.515 | Environmental Review |
| 18.520 | Performance Guarantees and Property Maintenance |
| 18.525 | Covenants of Easements |
| 18.530 | Nonconforming Uses, Structures, and Parcels |
| 18.535 | Nonconforming Physical Improvements/Property Upgrades |
| 18.540 | Enforcement |

# Chapter 18.20
# GENERAL TERMS

Sections:

### Article I. Use Classifications

18.20.010   Purpose and applicability.
18.20.020   Use classifications.

### Article II. Definitions

18.20.030   Definitions.

**Article I. Use Classifications**

**18.20.010 Purpose and applicability.**

Use classifications describe one or more uses of land having similar characteristics but do not list every use or activity that may appropriately be within the classification. If a particular land use is identified as an example of one category but exhibits the characteristics of another, the use shall be categorized under the latter.

The planning division shall make the determination as to whether a specific use is included or not included within a classification based on the characteristics of the use. A specific use shall not be deemed to be within a classification whether or not named within the classifications if its characteristics are substantially incompatible with those of the typical uses named within the classification. Any use that cannot be determined to fit the characteristics of a use listed in this chapter is not permitted in any zoning district. [Ord. 18-1 § 1 (Exh. E); Ord. 17-11 § 3 (Exh. 3); Ord. 12-4. DC 2012 § 122-1579].

**18.20.020 Use classifications.**

"Adult day care center" means a state-licensed facility that provides nonmedical care and supervision for dependent adult clients for periods of less than 24 hours for any client.

"Adult-oriented business" means an establishment that (A) operates as an adult arcade, adult bookstore, adult novelty store, adult video store, adult cabaret, adult motel, adult motion picture theater, adult theater, escort agency, adult modeling studio; (B) sells or distributes or offers for sale or distribution sexually oriented merchandise or sexually oriented materials; or (C) any other establishment which offers products, merchandise, services, or entertainment characterized by an emphasis on matters depicting, describing, or relating to specified sexual activities or specified anatomical areas.

This classification does not include uses or activities whose regulation is preempted by state law.

particulate matter that may be offensive or obnoxious to adjacent land use.

"Warehouse show room with assembly and sales" means an establishment that displays in show rooms cabinetry, fixtures, flooring and other custom-made products for sale. Display and sales are the primary use of the facility, although products may be assembled or repaired on site within an enclosed area.

"With no outdoor storage/activities" means a manufacturing and processing facility with all activities and storage kept completely within an enclosed building. This classification does not include uses that produce noise, odor, vibration, illumination, hazardous waste materials, particulate matter, or other significant impacts to adjacent land uses.

"With outdoor storage/activities" means this classification allows outdoor storage, outdoor activities and parking of company vehicles, when screened by a solid masonry wall. This classification may include uses that produce noise, odor, vibration, illumination, or particulate matter perceptible to adjacent land uses, but that are not offensive or obnoxious.

"Media production facility" means a facility that provides indoor commercial and public communication uses, as well as outdoor sets, backlots, and other outdoor facilities for motion picture, television, video, sound, computer, and other communications media production. Indoor communication uses would include radio and television broadcasting, receiving stations and studios with facilities entirely within buildings. This classification does not include exterior-mounted antennas and transmission towers (see "Utility facility, transmission towers") or transmission and receiving apparatus, antennas and towers (see "Wireless communications facility").

Medical Services.

"Hospital, medical center" means hospitals and similar facilities engaged primarily in providing diagnostic services, and extensive medical treatment, including surgical and other hospital services. These establishments have an organized medical staff, inpatient beds for overnight stays, emergency services, and equipment and facilities to provide complete health care. These facilities may also include accessory uses such as on-site clinics, laboratories, emergency heliports, nursing facilities, extended care facilities, physical therapy, gift shops, retail pharmacies, cafeterias or restaurants, and related uses operated primarily for the benefit of patients, staff, and visitors and on-site ambulance dispatch facilities.

Medical and Dental Offices. (See "Medical and dental" under "Offices.")

==**"Medical clinic" means an outpatient facility operated by one or more physician, dentist, or other licensed health care practitioner that provides medical, dental, or counseling services to the public generally at reduced cost.**==

"Nursing facility/extended care" means state-licensed residential facilities that provide 24-hour

(kindergarten through sixth grade), middle and junior high schools (seventh and eighth grades), secondary and high schools (ninth through twelfth grades). Some of these schools also provide room and board.

"Trade school, vocational training" means private institutions that provide education and/or training, including vocational training in limited subjects. Examples include:

A. Business, secretarial, and vocational.

B. Computers and electronics.

C. Courses by mail.

D. Seminaries/religious ministry training.

Does not include preschools and child day care facilities (see "Child day care"), or smaller-scale facilities offering specialized instruction in arts, ballet, dance, music, languages, and martial arts (see "Improvement or instructional" under "Personal Services").

"Secondhand sales" means an establishment that sells used or new and previously owned goods including jewelry, camera equipment, sound/viewing equipment and tools (see CMC 5.85.020), often for the purpose of raising funds to benefit religious, educational, hospital or charitable purposes. Goods are generally obtained on consignment, in a trade, and often as a donation.

"Social service facility, community organization" means a noncommercial facility that provides services or activities undertaken to advance the welfare of citizens in need, typically run by a nonprofit organization, a public agency, or by a contract with a public agency.

This classification may include supporting office uses, supporting medical office or health clinic uses, supporting vocational or trade training, child care services, supporting personal services, nonmedical substance abuse recovery and counseling services, and/or a food and goods distribution facility. This classification does not include emergency shelters, homeless shelters (see "Emergency, Homeless Shelter"), food banks, blood banks, and crisis centers or facilities that provide overnight treatment or observation services.

Storage.

"Hazardous materials" means a facility that provides storage of hazardous materials including but not limited to bottled gas, chemicals, minerals and ores, petroleum or petroleum-base fuels.

"Self-storage facility, mini-storage" means a facility that provides individual storage spaces or compartmentalized stalls or lockers for individual use and is characterized by low parking demand.

kitchen and sanitary facilities reserved for and regularly used by one or more occupants of the unit. (See "Live/work unit.") [Ord. 18-3 § 7 (Exh. A); Ord. 18-1 § 1 (Exh. E); Ord. 17-13 § 3 (Exh. A); Ord. 17-11 § 3 (Exh. 3); Ord. 17-5 § 2 (Exh. A); Ord. 17-2 § 2 (Exh. C); Ord. 15-8 § 3 (Exh. A); Ord. 14-6 § 12; Ord. 13-5; Ord. 13-1; Ord. 12-5; Ord. 12-4. DC 2012 § 122-1580].

## Article II. Definitions

### 18.20.030 Definitions.

"Abandoned" means a use that had ceased or a structure that had been vacated for a time period as specified in the development code. Abandonment does not include temporary or short-term interruptions to a use or occupancy of a structure during periods of remodeling, maintaining, or otherwise improving or rearranging a facility.

"ABC (Alcoholic Beverage Control)" means California State Department of Alcoholic Beverage Control.

"Abut" means having property lines, street lines, and/or zoning boundaries in common.

"Accessory building or structure" is a building or structure that is not part of the principal dwelling on the lot, the use of which is incidental and subordinate to the use of the principal dwelling. Examples of accessory buildings and structures include, but are not limited to: a garage, tool shed, storage shed, carport, greenhouse, pool cabana, gazebo, patio cover, and other outbuildings or structures. An accessory dwelling unit, as described in CDC 18.200.180, shall not be considered an accessory building or structure for the purposes of this section.

Accessory Use. See "Use, accessory."

"Acre, gross" means a measure of total land area of a lot or site, including areas to be dedicated for public rights-of-way, public or private access to adjacent parcels or properties, creeks, easements, or dedications.

"Acre, net" means a measure of land area of a lot or site remaining after dedication of all areas for public rights-of-way, streets, public or private access to adjacent parcels or properties, creeks, and other easements or dedications. An easement shall not be excluded from the net area calculation if the easement area can be used for purposes that are ancillary or incidental to the primary use of the property on which the easement is located. For example, a utility easement on residential property that allows the property owner to use the easement area for parking, yard area, or other purposes incidental to the residential use shall not be excluded from the net acre calculation.

"ADA" means Americans with Disabilities Act.

"Adjacent" means directly abutting, having a boundary or property line(s) in common or bordering directly, or contiguous to.

18.460 CDC.)

"Director" means the city of Concord community and economic development department director, or their designee.

"Discretionary permit" means a city review and entitlement process where the review authority exercises discretion in deciding to approve or disapprove the permit which includes minor exceptions, variances, minor use permits, use permits, planned development use permits, and minor and major subdivisions.

"District" means zoning district.

"Dog" means any domesticated animal of the canine family.

"Driveway" means the paved portion of a property that a vehicle would have to travel over in a direct path in order to enter a garage or carport, or to enter an exterior or interior side yard immediately adjacent to a garage or carport, from a designated entry/exit point in a public or private street.

"Dwelling," "dwelling unit," or "housing unit" means a room or group of internally connected rooms that have sleeping, cooking, eating, and sanitation facilities, but not more than one kitchen, which constitute an independent housekeeping unit, occupied by or intended for one household on a long-term basis.

A. Attached. A dwelling unit which has one or more party wall in common with another dwelling unit.

B. Detached. A dwelling unit that does not share any walls in common with another dwelling unit.

"Easement" means a grant of one or more of the property rights by the property owner to and/or for use by the public, a corporation or another person or entity.

"Effective date" means the date on which a permit or other approval becomes enforceable or otherwise takes effect, rather than the date it was signed or circulated.

"Efficiency kitchen" includes a sink with a maximum waste line diameter of one and one-half inches, a food preparation counter with storage cabinets, and a cooking facility for appliances that do not require electrical service greater than 120 volts or natural or propane gas.

"EIR" means environmental impact report.

"Emergency" means a sudden unexpected occurrence demanding immediate action to prevent or mitigate loss or damage to life, health, property or essential public services.

"Emergency shelter" means as defined by California Health and Safety Code Section 50801(e). "Emergency shelter" is housing with minimal supportive services for homeless persons that is limited to occupancy of six months or less by a homeless person.

similar representative thereof.

"Persons with disabilities" means persons who have a medical, physical, or mental condition, disorder, or disability, as defined in California Government Code Section 12926, that limits one or more major life activities.

"Planning commission" means the city of Concord planning commission. See CMC Title 2 (Administration).

Planning Division. The city of Concord planning division as referred to in the development code is a collective term to include decisions by the division director, manager or chief and designated representatives.

"Planning permit" means any discretionary application or approval reviewed and processed by the planning division as authorized by the development code, subdivision ordinance, or other Concord Municipal Code requirement, including administrative permit, minor exception, design review, development permit, sign permit, variance, minor or major use permit, planned development use permit, minor or major subdivision, hillside development use permit, certificate of appropriateness, temporary permit, or finding of public convenience and necessity, vendor permit.

"Porch" means a covered but otherwise open platform that provides a transition between the interior of a building and the public space of the street.

"Primary structure" means a structure that accommodates the primary use of the site.

"Primary use" means the main purpose for which a site is developed and occupied.

"Private open space lands" refer to those properties located inside a subdivision or other residential projects and designated for those residents' use. See CMC 17.10.020 (Definitions) for an explanation of common, private and recreational open space within a residential development. "Public open space lands" are available to the general public and are generally larger properties with limited uses that require little or no built structures, such as hiking and horseback riding trails. Zoning districts with open space uses are open space, rural conservation and wetlands/resource conservation districts.

"Project" means any proposal for a new or changed use for a new construction, alteration, or enlargement of any structure. This term also refers to any action that qualifies as a "project" as defined by the California Environmental Quality Act.

Property Line. See "Lot line."

"Property owner" means any person owning property, as shown on the last equalized assessment roll for city taxes or the lessee, tenant, or other person having control or possession of the property.

"Public building" means any building owned, leased, or held by the United States, the state, the

## Chapter 18.510
## APPEALS AND CALLS FOR REVIEW

Sections:

| | |
|---|---|
| 18.510.010 | Purpose. |
| 18.510.020 | Right of appeal. |
| 18.510.030 | Time limits for appeals and calls for review. |
| 18.510.040 | Initiation of appeals and calls for review. |
| 18.510.050 | Procedures for appeals and calls for review. |
| 18.510.060 | Effective dates. |
| 18.510.070 | New appeal. |

**18.510.010 Purpose.**

A. Appeals. To avoid results inconsistent with the purposes of the development code, any decision made in compliance with the development code made by the:

   1. Planning division may be appealed to the zoning administrator;

   2. Zoning administrator may be appealed to the planning commission; and

   3. Planning commission may be appealed to the city council.

B. Calls for Review. As an additional safeguard to avoid results inconsistent with the purposes of the development code, any decision of the:

   1. Zoning administrator may be called up for review by the planning commission; and

   2. Planning commission may be called up for review by the city council.

C. Referral to Planning Commission. When a decision made by the planning division is appealed, the zoning administrator may refer the matter directly to the planning commission for a consideration and determination. [Ord. 12-4. DC 2012 § 122-1216].

**18.510.020 Right of appeal.**

An appeal may be initiated by the applicant, property owner, or any interested person. [Ord. 12-4. DC 2012 § 122-1217].

**18.510.030 Time limits for appeals and calls for review.**

A. An appeal of a decision by an applicant or other interested person shall be initiated within 10 calendar days of the date of the decision.

B. When the appeal period ends on a weekend or holiday, the time limit shall be extended to the next working day.

C. Calls for review shall be initiated before the end of the appeal period identified in subsections (A) and (B) of this section, which is the effective date of the decision to be reviewed. [Ord. 12-4. DC 2012 § 122-1218].

**18.510.040 Initiation of appeals and calls for review.**

A. Filing of an Appeal. An appeal accompanied by the fee identified in the city's fee schedule shall be filed with the planning division or city clerk on a form provided and shall state specifically the following information, in addition to any information required by Chapter 2.05 CMC, Article II (Appeals to City Council).

   1. The specific determination or interpretation that is claimed to be not in compliance with the purposes of the development code;

   2. The specific facts that are claimed to be in error or an abuse of discretion;

   3. The specific facts of the record which are claimed to be inaccurate; and

   4. The specific decision that is claimed to be unsupported by the record.

B. Calls for Review. A call for review may be filed by a member of the planning commission or the city council to be reviewed in compliance with CDC 18.510.010(B) (Calls for Review) before the effective date of the decision. (See also CMC 2.05.090 (Right of Councilmembers and City Manager to request review).)

C. Effect on Decision. The timely filing of an appeal or call for review shall cause a stay (e.g., shall temporarily vacate all proceedings associated with the matter subject to the appeal) in the effective date of the action or decision from which the appeal or a call for review has been taken until a final decision on the matter has been rendered by the appropriate review authority. [Ord. 12-4. DC 2012 § 122-1219].

**18.510.050 Procedures for appeals and calls for review.**

A. Hearing Date. An appeal or call for review shall be scheduled for a hearing before the appellate body no less than 12 and no more than 45 days of the city's receipt of an appeal (consistent with CMC 2.05.040(6) (Date)), unless both the applicant and appellant consent to a later date.

B. Notice and Public Hearing. See CMC 2.05.040 (Appeal where public notice required), 2.05.050 (Appeal where public notice not required), and 2.05.070 (Procedure).

   1. An appeal or call for review hearing shall be a public hearing only if the decision being appealed or reviewed required a public hearing.

   2. Notice of a public hearing shall be given in the same manner required for the decision being appealed or reviewed in compliance with Chapter 18.500 CDC (Public Hearings).

3. In addition to providing notice pursuant to subsection (B) of this section, notice shall also be provided to all persons who spoke on the matter at any prior hearings or submitted written comments. Notice to such persons shall be mailed only if they provided their name and address at the time they spoke at the prior hearing.

C. Plans and Materials.

1. At an appeal or call for review hearing, the appellate body shall conduct a hearing "de novo" and may consider new materials and testimony in addition to the same application, plans, and related project materials that were the subject of the original decision.

2. The city clerk shall advise the appellate body as to compliance with this provision.

D. Hearing. At the hearing, the appellate body shall review the record of the decision and hear testimony of the appellant, the applicant, and any other interested party.

E. Decision and Notice.

1. After the hearing, the appellate body shall affirm, modify, or reverse the original decision or remand the matter to the original review authority to cure a deficiency in the record or proceedings.

2. The appellate body's decision shall be supported by the weight of the evidence presented at the hearing.

3. Decisions on appeals or calls for review shall be rendered within 30 calendar days of the close of the hearing.

4. The notice shall be mailed within five working days after the date of the decision to the applicant, the appellant, and any other party requesting notice.

F. Failure to Act. Failure of the appellate body to act within the time limits identified in subsections (A) and (E) of this section shall be deemed affirmation of the original decision. [Ord. 12-4. DC 2012 § 122-1220].

**18.510.060 Effective dates.**

A. Planning Commission Decision. A decision by the planning commission regarding an appeal or call for review shall become final 10 calendar days after the effective date of the decision, unless appealed to the city council in compliance with this chapter.

B. City Council Decision. A decision by the city council regarding an appeal or call for review shall become final on the effective date of the decision. [Ord. 12-4. DC 2012 § 122-1221].

**18.510.070 New appeal.**

Following disapproval of an appeal or certification of a decision called for review, any matter that is the same or substantially the same shall not be considered by the same appellate body within the following 12-month period, unless the disapproval or certification was made without prejudice and so stated in the record. [Ord. 12-4. DC 2012 § 122-1222].