UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BAART PROGRAMS INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CONCORD, et al., <br><br> Defendants. | Case No. 18-cv-04652-LB <br><br> **ORDER DENYING MOTION TO DISMISS IN PART AND DEFERRING CONSIDERATION PENDING FURTHER BRIEFIG** <br><br> Re: ECF No. 15 |

The plaintiffs — BAART Programs, Baymark Health Services, and Addiction Research and Treatment, Inc. — sued the City of Concord, California and the Director of its Community and Economic Development Department, claiming discrimination in violation of federal and state law based on the Director's determining that the plaintiffs' proposed methadone clinic was a "social services facility" (and not a "medical clinic"), thereby denying the plaintiffs permission to operate the clinic.[1] The complaint has six claims:

1. an intentional violation of Title II of the Americans with Disabilities Act ("ADA") based on the defendants' determination and interpretation of the Development Code;

2. a discriminatory impact violation Title II of the ADA based on the defendants' prohibiting the use of the Solano Plaza site as a methadone clinic;

---

[1] Compl. – ECF No. 1. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 18-cv-04652-LB

3. a violation of Section 504 of the Rehabilitation Act;
4. a violation of due process and equal protection brought pursuant to 42 U.S.C. § 1983 based on the defendants' interpretation of the Development Code and alleged unequal treatment of methadone patients;
5. a violation of California non-discrimination laws; and
6. a claim for declaratory judgment establishing the parties' rights and liabilities.[2]

The defendants moved to dismiss all claims on the ground that the plaintiffs failed to exhaust their administrative remedies.[3] The defendants also moved to dismiss claim five on the ground that they are immune from liability under California Government Code §§ 19955((l) and 19955(m).[4] The court held a hearing on November 1, 2018.[5]

The court denies the motion to dismiss for failure to exhaust for the reasons discussed at the hearing and advanced by the plaintiffs.[6] "[N]either Title II of the ADA nor section 504 of the Rehabilitation Act generally requires administrative exhaustion before filing suit." *O'Guinn v. Lovelock Corr. Ctr.,* 502 F.3d 1056, 1061 (9th Cir. 2007); *see Zimmerman v. Or. Dept. of* Justice, 170 F.3d 1169, 1177–78 (9th Cir. 1999) ("Title II [of the ADA] incorporates the Rehabilitation Act's provisions, which do not require an employee to pursue any administrative relief."), citing *Smith v. Barton*, 914 F.2d 1330, 1338 (9th Cir. 1990). Likewise, exhaustion of administrative remedies is not required in § 1983 cases. *Patsy v. Bd. of Regents of St. of Fla.*, 457 U.S. 496, 516 (1982). This defeats the defendants' argument regarding claims one through four.

Exhaustion is not required for the state-law claims either. The defendants argue that the "alleged violation that forms the basis of this lawsuit is that the Planning Division erroneously determined the use classification of plaintiffs' proposed methadone clinic" and that the issue thus is "within the purview of the Planning Division and is subject to administrative review by the Zoning Administrator and Planning Commission."[7] But the plaintiffs are not challenging the

---

[2] *Id.* at 10–13.
[3] Mot. – ECF No. 15 at 7.
[4] *Id.* at 9.
[5] Minute Entry – ECF No. 25.
[6] Opp. – ECF No. 19 at 8–14.
[7] Reply – ECF No. 22 at 2.

classification of their methadone clinic as a "social service facility" per se and instead challenge the Director's change in classification (allegedly in response to local objections to opening a methadone clinic "motivated by stereotypes, prejudice, and unfounded fear of perceived threats")[8] as discriminatory, in violation of state statutes prohibiting discrimination against persons with disabilities.[9] The statutes — California Civil Codes §§ 51, 53, 54, and 54.1 — all are civil-rights statutes that do not have exhaustion requirements.[10]

Also, as the plaintiffs point out, the plaintiffs are not required to exhaust administrative remedies under sections 12955(l) and 12955(m) of the California Fair Employment and Housing Act ("FEHA").[11] Section 12989.1 of FEHA provides that "an 'aggrieved person' may commence a civil action for discriminatory housing practice 'whether or not a complaint has been filed under this part and without regard to the status of any complaint.'" *House v. Cal State Mortg. Co.*, No. CV–F–08–1880 OWW/GSA, 2009 WL 2031775 at * 18 (E.D. Cal. July 9, 2009). Even if the plaintiffs were required to exhaust remedies, those remedies would be those under the FEHA statute. The Supreme Court of California has held that an individual filing a FEHA claim need not exhaust internal administrative remedies contained in a city charter before filing their claim. *Schifando v. City of Los Angeles,* 31 Cal. 4th 1074, 1080 (Cal. 2003).

In sum, the court denies the defendants' motion to dismiss all claims on the ground that the plaintiffs failed to exhaust administrative remedies.

The court defers its decision on the defendants' motion to dismiss claim five based on the defendants' immunity under state law.[12] The plaintiffs asked for — and the court ordered — supplemental briefing.[13]

---

[8] Compl. – ECF No. 1 at 8 (¶¶ 35, 36).

[9] Opp. – ECF No. 19 at 13.

[10] Compl. – ECF No. 1 at 13 (¶¶ 65, 68); Opp. – ECF No. 19 at 13.

[11] Opp. – ECF No. 19 at 14.

[12] Mot. – ECF No. 15 at 9.

[13] Minute Order – ECF No. 25.

1    With the parties' agreement, the court referred the matter for an early settlement conference
2    with Magistrate Judge Kandis Westmore. As the court said at the hearing, practically, the
3    defendants are right: this is a case that has an administrative process that may well result in the
4    plaintiffs' desired outcome. At the same time, the procedural posture of the case — including the
5    plaintiffs' entering a lease and contracts based on the Department's initial confirmation in writing
6    that the clinic would qualify as a "medical clinic" — calls out for a quicker solution than an
7    administrative process might provide. The parties have done a good job queuing up the case for
8    settlement discussions by their discovery plan, and they have identified the key players necessary
9    for resolution of their dispute. The court hopes that this parallel litigation and the settlement
10   process will result in a faster solution that is in everyone's interest.

**IT IS SO ORDERED.**

Dated: November 1, 2018

_____
LAUREL BEELER
United States Magistrate Judge