Amitai Schwartz (CSB #55187)
Law Offices of Amitai Schwartz
2000 Powell St., Suite 1286
Emeryville, CA  94608-1860
(510) 597-1775
(510) 597-0957 (fax)
attorneys@schwartzlaw.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAART PROGRAMS, INC., BAYMARK HEALTH SERVICES, INC., AND ADDICTION RESEARCH AND TREATMENT, INC.<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>CITY OF CONCORD, ANDREA OUSE, and DOES 1 through 10,<br><br>　　　　Defendants. | NO. 3:18 CV 4652 LB<br><br>Plaintiffs' Supplemental Opposition to Defendants' Motion to Dismiss<br><br>[Supplemental]<br><br>Courtroom B, Hon. Laurel Beeler |

*Supplemental Opposition: The California Claims are Not Barred by Government Immunities*

Defendants contend the California claims alleged in the complaint are barred by government immunities covering discretionary permits, specifically Cal. Gov. Code §§ 818.4 and 821.2.

In answer to our submission that a medical clinic "must" be allowed as a matter of right without the issuance of a discretionary administrative permit, the defendants' contend that a purported catch-all provision of the Concord Development Code gives the City planning division carte blanche in its discretion to require an administrative permit. Defendants' Reply in Support of Motion to Dismiss at 5-6.

However, the complaint alleges plaintiffs are entitled to use the Solano Way site as a methadone clinic as a matter of right and that the defendants have intentionally discriminated against them. The basis of the claims is that the defendants are discriminating by requiring plaintiffs to apply for a permit. Complaint ¶¶ 65-68; and see ¶ 65, incorporating ¶¶ 1-64.

Plaintiffs will not repeat the argument previously submitted in their initial opposition, but refer the Court to it. See Plaintiff's Opposition to Motion to Dismiss at pp. 9-12.

First, a zoning clearance is mandatory once an applicant meets the City requirements of a "medical clinic" under the Development Code. See Plaintiff's Opposition to Motion to Dismiss at pp. 10-11, and nn. 2 & 3. Whether an enactment is intended to impose a mandatory duty, as opposed to a mere obligation to perform a discretionary function, is a question of law for the court. *Walt Rankin & Assoc., Inc. v. City of Marathi*, 84 Cal. App. 4th 605, 613–14 (2000: *Callusing v. San Francisco Unified Sch. Dist.*, 221 Cal. App. 3d 1224, 1239, (1990). "An example of such a ministerial act is the issuance of a zoning

1  clearance where the proposed land development conforms to the ordinance.*"*
2  *Gong* v. *City of Fremont*, 250 Cal. App. 2d 568, 572 (1967).
3         Second, the section of the Development Code relied on by defendants as a
4  catchall, Development Code §18.420.020(C)(6), is not applicable to the situation
5  here. Section §18.420.020(C)(6) provides that an administrative permit may be
6  required for "Any other use or development as determined by the planning
7  division to require *further review and/or documentation* in the form of an approval
8  letter, beyond a zoning clearance, *in order to determine compliance with the*
9  *development code*." (Emphasis added.) (See Decl. of John Adams in Support of
10 Reply to Opposition to Motion to Dismiss for text.)
11        This section of the Development Code only applies when further review or
12 documentation is needed to make a proper determination under the Development
13 Code. In other words, §18.420.020(C)(6) addresses a situation in which more
14 information is needed to make a determination; it is not even applicable unless and
15 until more review or documentation is needed. Furthermore, the section can not
16 possibly be as broad as the defendants' contend.
17        If this section broadly gives the planning division discretion to require an
18 administrative permit any time and under any circumstances, there would be no
19 need for the sections of the Development Code, such as those pertaining to a
20 medical clinic, which define the requisites for issuance of a zoning clearance
21 rather than an administrative permit. It is black letter law under California law that
22 a specific requirement prevails over a more general provision, such as
23 §18.420.020(C)(6). *Ojavan Investors, Inc. v. California Coastal Com.*, 54 Cal.
24 App. 4th 373, 388 (1997) ("statutory construction principles require a specific
25 statute to prevail over a general statute"); Cal. Civ. Proc. Code § 1859 ("when a
26 general and particular provision are inconsistent, the latter is paramount to the
27 former. So a particular intent will control a general one that is inconsistent with
28 it."). Here, the specific sections detail what qualifies for a zoning clearance as a

1  matter of right; the general section is §18.420.020(C)(6), which applies when
2  additional review or documentation is needed to make the qualification decision.
3      Third, as alleged in the complaint, the defendants did not rely on section
4  18.420.020(C)(6) in the their letter precluding use of the Solano Way site as a
5  medical clinic. They, instead, relied on another zoning classification, "social
6  service facility, community organization." Complaint ¶¶ 37-38. Taking the
7  allegations of the complaint as true, the defendants did not invoke
8  §18.420.020(C)(6) or exercise discretion under §18.420.020(C)(6).
9      Accordingly, defendants are not immune for their acts in denying plaintiffs
10  the allowable use of the Solano Way site.
11      The motion to dismiss the state law claims on immunity grounds should be
12  denied.
13      Dated: November 13, 2018
14                                      Respectfully submitted,
15
16                                      /s/ Amitai Schwartz
                                        Amitai Schwartz
17                                      Attorney for Plaintiffs

NO. 18 CV 04652 LB
Plaintiffs' Supplemental Opposition to Motion to Dismiss        3