UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BAART PROGRAMS INC., et al., Plaintiffs, v. CITY OF CONCORD, et al., Defendants. | Case No. 18-cv-04652-LB **ORDER DENYING MOTION TO DISMISS CLAIM FIVE** Re: ECF No. 15 |

The final issue is whether the defendants are immune from liability for damages for the plaintiff's claim five, which charges discrimination based on disability in violation of Cal. Civ. Code §§ 51, 53, 54, and 54.1 and Cal. Gov. Code §§ 12955(l) and (m).[1] The defendants argue that Cal. Gov. Code §§ 818.4 and 821.2 preclude liability for damages because the government action was (essentially) discretionary.[2] Those sections read as follows.

---

[1] Order – ECF No. 26 at 3; Compl. – ECF No. 1 at 13 (¶¶ 65–69). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. – ECF No. 15 at 9 (citing Cal. Govt. Code §§ 12955(l) and (m)). The defendants' argument initially was couched as foreclosing claim five entirely, but they did not dispute the plaintiffs' contention that non-monetary relief is available. *Compare id.* at 10 *with* Opp. – ECF No. 19 at 17 (citing Cal. Gov. Code § 814) *and* Reply – ECF No. 22 at 5–6; *see* Cal. Gov. Code. § 814 ("Nothing in this part affects liability based on contract or the right to obtain relief other than money or damages against a public entity or a public employer.")

ORDER – No. 18-cv-04652-LB

> A public entity is not liable for an injury caused by the issuance, denial, suspension or revocation of, or by the failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization where the public entity or an employee of the public entity is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked.

Cal. Gov. Code § 818.4:

> A public employee is not liable for an injury caused by his issuance, denial, suspension or revocation of, or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization where he is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked.

Cal. Gov. Code § 821.2.

The defendants argue that the plaintiffs challenge as incorrect the agency decision — by Andrea Ouse, the City of Concord's Community and Economic Development Director — to classify the proposed use as a "social service facility, community organization," which requires an administrative permit.[3] This application of the code, they say, cannot result in damages under the Government Code.[4] The plaintiffs counter that Concord Dev. Code § 18.25.020A requires the use (meaning, the medical clinic) in a neighborhood commercial zone and that the government action was not discretionary.[5] The defendants respond that the plaintiffs never pled the specific statute that gives rise to the mandatory duty.[6] And they reiterate that the crux of the claim is the challenge to an alleged misclassification, not a failure to satisfy a mandatory duty.[7] Finally, they contend that the Development Code does not allow the plaintiffs to operate a methadone clinic as a matter of right and that in any event, the Planning Division may require an administrative permit under a catch-all provision of the Concord Mun. Code § 18.420.020(C)(6).[8] That section reads as follows:

> An administrative permit is required for, but not limited to, the following uses:

> \* \* \*

---

[3] Mot. – ECF No. 15 at 10.

[4] *Id.*

[5] Opp. – ECF No. 19 at 15 (citing Concord Dev. Code §§ 18.25.020A, 18.40.010, and 18.40.010).

[6] Reply – ECF No. 22 at 5.

[7] *Id.*

[8] *Id.* at 5–6.

> 6. Any other use or development as determined by the planning division to require further review and/or documentation in the form of an approval letter, beyond a zoning clearance with the development code.

Concord Mun. Code § 18.420.020(C)(6).[9]

The court ordered supplemental briefing on the last points in the defendants' reply brief: whether operating a methadone clinic is a matter of right and whether the catch-all provision renders the agency action discretionary.[10] The court now denies the motion to dismiss, primarily because on this record and this briefing, the court does not have a full understanding of the agency action and the implications under the Development Code. For example, the court cannot easily tell whether the Development Code imposes a mandatory duty here (based on whether the methadone clinic is or is not a "medical clinic") or whether the catch-all provision applies only — as the plaintiffs say — when further review or documentation is needed to make a proper determination under the Development Code.[11] On its review of a complete record, at summary judgment, the court presumably can rule as a matter of law. But several case-management reasons militate against that approach now.

First, the claim survives in any event as a claim for non-monetary relief, so the court's decision would not change the scope of discovery.

Second, a decision does not alter the stakes meaningfully because there are other claims for damages.

Third, if the court were to address the issue on a faster track based on a complete record and fuller consideration of the administrative code, no one's interests would be advanced. The parties would incur costs. And any dismissal might be with leave to amend, which also would result in costs.[12] Interests of judicial economy are advanced by the court's consideration of the issue on a

---

[9] Adams Decl. – ECF No. 22-1 at 4–5.

[10] Order – ECF No. 26 at 3.

[11] Plaintiffs' Supp. Opp. – ECF No. 30 at 3. The plaintiffs also contend that the defendants did not rely on the catch-all provision in the letter precluding use of the site as a medical clinic. *Id.* at 4.

[12] The defendants reiterate that their primary argument remains that the plaintiffs challenge a textbook discretionary decision and make an "unsupported assertion" that they were entitled to open their methadone clinic as a matter of right because they are a "medical clinic." Defendants' Sur-Sur Reply –

ORDER – No. 18-cv-04652-LB  3

fuller record and briefing. And finally, as the court said in its earlier order, the early settlement conference is the parties' best shot at a faster solution that is in everyone's interest.[13]

In sum, the court denies the motion without prejudice to the defendants' raising the scope of relief to the court in a summary-judgment motion based a fuller record of the agency action.

**IT IS SO ORDERED.**

Dated: November 20, 2018

LAUREL BEELER
United States Magistrate Judge

---

ECF No. 31 at 2. This harkens back to their argument that the plaintiffs never pleaded the specific statute giving rise to the mandatory duty. Reply – ECF No. 22 at 5. If correct, this argument suggests that a dismissal might be with leave to amend.

[13] Order – ECF No. 26 at 4.