1  Amitai Schwartz (CSB #55187)
   Law Offices of Amitai Schwartz
2  2000 Powell St., Suite 1286
   Emeryville, CA  94608-1860
3  (510) 597-1775
   (510) 597-0957 (fax)
4  attorneys@schwartzlaw.com

5  Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAART PROGRAMS, INC., BAYMARK HEALTH SERVICES, INC., AND ADDICTION RESEARCH AND TREATMENT, INC.<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CITY OF CONCORD, ANDREA OUSE, and DOES 1 through 10,<br><br>　　　　Defendants. | NO. 3:18 CV 4652 LB<br><br>Stipulation For An Order Retaining Jurisdiction to Enforce Settlement Agreement and Dismissal of Action Pursuant to Rule 41(a)(2)<br><br>[Proposed] Order |

　　Subject to the approval of the court, the parties stipulate and respectfully request that the court retain jurisdiction following dismissal of this action in order to enforce the settlement agreement agreed to by the parties, if necessary. A copy of the Settlement Agreement & General Release with Exhibit A is attached hereto and incorporated herein.

　　Subject to the approval of the court, the parties stipulate and respectfully request that this action be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(2), except to enforce the agreement reached by the parties, if necessary.

Stipulation for Order Retaining Jurisdiction
and Dismissal; Order
No. 3:18 cv 4652 LB                                    1

IT IS SO STIPULATED.

Dated: 2/19/2019						Law Offices of Amitai Schwartz

						/s/ Amitai Schwartz
						Amitai Schwartz
						Attorney for Plaintiffs


Dated: 2/19/2019						McNamara, Ney, Beatty,
						Slattery, Borges & Ambacher LLP

						/s/ Martin J. Ambacher
						Martin J. Ambacher
						Attorney for Defendants

## ORDER

It is so ordered. The Court retains jurisdiction to enforce the settlement agreement reached by the parties and otherwise dismisses this action, with prejudice, pursuant to Rule 41(a)(2).

Dated: 
						_____
						Laurel Beeler
						United States Magistrate Judge

# SETTLEMENT AGREEMENT & GENERAL RELEASE

## PARTIES

This Settlement Agreement & General Release ("Agreement & Release") is made by and between plaintiffs BAART Programs, Inc., Baymark Health Services, Inc., and Addiction Research and Treatment, Inc. ("Plaintiffs"), and defendants City of Concord and Andrea Ouse.

## RECITALS

Plaintiffs have leased property at 2152-2158 Solano Way, Concord, California ("Property") in order to provide outpatient substance use disorder services to the public, including providing methadone and/or other medications with associated primary medical care and counseling to persons suffering from addiction to opioids, including narcotic prescriptions and illicit drugs ("Proposed Use").

The Property is located in the Neighborhood and Commercial ("NC") District in the City of Concord.

Plaintiffs submitted a zoning compliance fact sheet with the City of Concord ("City"). They contend that the Proposed Use qualifies as a "medical clinic" under Concord Municipal Code ("CMC") 18.20.020, and that the only requirement for issuance of a use permit for a medical clinic in an NC District is a zoning clearance from the Planning Division under CMC 18.40.020 (Table of allowed uses and permit requirements).

The City contends that the Proposed Use does not qualify as a medical clinic under CMC 18.20.020, and it determined that the Proposed Use is a "social service facility, community organization" ("social service facility") under CMC 18.20.020, which requires an Administrative Permit to operate a Social Service Facility in the NC District, pursuant to CMC 18.40.20 (Table of allowed uses and permit requirements).

Defendant Andrea Ouse ("Ouse") is the City's Director of Community and Economic Development. She signed a letter dated November 17, 2018 setting forth the City's determination that the Proposed Use is a social service facility.

Plaintiffs timely appealed the City's determination that the Proposed Use qualifies as a social service facility, but subsequently suspended their appeal before the Planning Commission heard the matter or made any decision.

On August 2, 2018, plaintiffs filed a Complaint for Injunctive and Declaratory Relief and Damages against the City and Ouse in the United States District Court for the Northern District of California: *BAART Programs, Inc., Baymark Health Services, Inc., and Addiction Research and Treatment, Inc. v. City of Concord, Andrea Ouse, and Does 1 through 10*, Case No. 3:18-CV-04652 LB ("Action"). The Action was assigned to Magistrate Judge Laurel Beeler.

In the Action, Plaintiffs allege causes of action for intentional violation of the Americans with Disabilities Act ("ADA") under 42 U.S.C. section 12132, discriminatory impact violation of the ADA under 42 U.S.C. section 12132, violation of the federal Rehabilitation Act, violation of due process brought pursuant to 42 U.S.C. section 1983, and violation of various California civil rights laws including the Unruh Civil Rights Act. More specifically, Plaintiffs contend that the City's determination that the Proposed Use qualifies as a Social Service Facility is improper and unlawful, and that a substantial or motivating factor in its interpretation is due to plaintiff's intended use as a substance use disorder clinic, treating persons for substance use disorders, including addiction to opioids.

The City denies these allegations, and contends that it is the Planning Division's responsibility to determine the most appropriate use classification based on available information, which is what they did here. The City and Ouse further contend that Ouse was not a proper party to the Action: the determination was a collaborative decision made by City officers and employees, not Ouse individually.

On January 14, 2019, the parties appeared for a court-ordered settlement conference with Magistrate Judge Kandis A. Westmore. At the conclusion of the conference, the parties agreed to a full and final settlement on the record subject to City Council approval. The City Council subsequently approved the settlement on January 22, 2019.

In order to effectuate their intent, the parties further agreed at the settlement conference to reduce the terms of their settlement to writing, and this Agreement & Release is intended to supplement the settlement stated on the record on January 14, 2019.

NOW, THEREFORE, in consideration of the mutual terms, covenants and conditions set forth below, Plaintiffs, the City, and Ouse, intending to be legally bound, do enter into this Agreement & Release and agree to execute this document as a full and complete release, on the following terms and conditions:

## AGREEMENT

1. It is understood and agreed that this Agreement is a compromise of disputed claims, and that the consideration given shall not be deemed to be or construed as an admission of wrongdoing, fault, or liability by any party.

2. Within 10 days of execution of this Agreement by the parties, the City's Planning Division (within the Community and Economic Development Department) will issue a zoning clearance determination stating that the Proposed Use is an allowable use of the Property, subject to the terms as set forth in this Agreement.

3. In addition to the general development, zoning and building code standards imposed by the City of Concord's Development and Municipal Codes that apply to the Proposed Use and associated tenant improvements, Plaintiffs agree on behalf of themselves and any successors, licensees, and assigns and any affiliated entities that they will fully abide by the conditions of approval set forth in Exhibit "A" to this Agreement, attached hereto and

made a part of this Agreement. (Exhibit "A" was previously executed by the parties on January 14, 2019 at the conclusion of the settlement conference.)

(a) The parties acknowledge and agree that the provisions of the Security Plan, Community Relations Plan, and Other Provisions as listed and described in Exhibit "A" attached hereto, may be changed or modified only if the changes or modifications are approved in writing by both Plaintiffs and the City.

(b) Plaintiffs (but not any attorney employed by or representing them) may contact Ouse directly to discuss any questions or issues that might arise regarding development, zoning, and building code standards or processing any further permits.

4. For and in consideration of the promises contained herein and the sum of ONE HUNDRED TWENTY THOUSAND DOLLARS AND NO CENTS ($120,000.00), Plaintiffs, on behalf of themselves and on behalf of their predecessors, successors, assigns, members, shareholders, partners, partnerships, parent companies, subsidiaries, affiliated and related entities, officers, directors, principals, agents, investors, joint ventures, servants, employees, and representatives hereby release and forever discharge the City, Ouse, and their predecessors, successors in interest, heirs, assigns, representatives, agents, employees, officers, Councilmembers, Commissioners, insurers, and attorneys, and all other persons or entities of and from any and all claims, demands, actions or causes of action, known or unknown, including all injuries and damages, arising out of or in any way connected with or resulting from the facts and circumstances giving rise to the Action.

5. The parties intend this Agreement to be a full and final general release as to the dispute described above, and Plaintiffs hereby waive all claims or benefits that they now have, or in the future may have under the provisions of California Civil Code section 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiffs, having been apprised of the statutory language of Civil Code section 1542 by their attorneys, and each fully understanding the same, nevertheless elect to waive the benefits of any and all rights any of them may have pursuant to the provisions of Civil Code Section 1542. Plaintiffs understand that if the facts with respect which this Agreement are found hereinafter to be different from the facts now believed by any of them to be true, that this Agreement shall be effective notwithstanding such material difference.

6. The parties shall file a stipulated dismissal of the Action with prejudice, each side to bear their own attorney fees and costs. The parties shall also request under Federal Rules of Civil Procedure, Rule 41(a) that the Court retain jurisdiction to enforce the terms of this Agreement.

7. The parties shall bear their own costs, expenses, and attorney fees incurred in this Action. However, the parties agree that, in the event of any challenge to this Agreement & Release, the prevailing party shall be entitled to recover, in addition to any other relief provided by law, such costs and expenses as may be incurred by said prevailing party, including court costs, attorney fees, and other costs and expenses, taxable and otherwise, reasonably necessary in establishing or maintaining the applicability or the validity of this Agreement & Release, or any provision thereof, and in prosecuting any counterclaim or cross-complaint therein. Every effort shall be made by the parties to resolve any problems or issues that might arise through negotiation and discussion before any enforcement action.

8. The parties agree that this Agreement constitutes the entire agreement between the parties and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations or inducements not contained in this Agreement have been made on any subject in connection with this Agreement, and that they have not been induced to execute this Agreement by reason by nondisclosure or suppression of any fact.

9. Any modifications and/or amendments to this Agreement must be in writing, signed by Plaintiffs and the City.

10. The parties and each of them, hereby expressly assume the risk of any mistake of fact or law, or both, and that the true facts or laws might be other or different from facts and laws now known or believed to exist. Each party to this Agreement acknowledges that it has made such investigation of the facts pertaining to this Agreement as each deems necessary, and in entering into this Agreement, each party assumes the risk of mistake with respect to such facts.

11. This Agreement contains all of the agreements, conditions, promises and covenants between the parties and supersedes all prior or contemporaneous agreements, representations or understandings with respect to the subject matter of the present agreement except those stated on the record in open court on January 14, 2019.

12. The terms, conditions and covenants of this Agreement shall be interpreted under the laws of the State of California and United States, as applicable.

13. The parties and their counsel have cooperated in the preparation of this Agreement, and this Agreement shall therefore not be construed against by any party.

14. Each of the undersigned individuals represents and warrants to each of the other parties and such other parties' attorneys that s/he or it has full right, power and authority to bind the party on behalf of which s/he or it is executing this Agreement in a representative capacity, to all of the terms of this Agreement.

15. The provisions of this Agreement are contractual in nature and not merely recitals, and shall be considered independent and severable, and if any such provision or any part thereof shall at any time be held invalid, in whole or in part, under any federal, state, county, municipal or other law, ruling or regulation, then such provision or part thereof shall remain in force and effect to the extent permitted by law, the remaining provisions of this Agreement shall also remain in full force and effect, and enforceable.

16. This Agreement may be signed in counter-parts with each part having the same force and effect as the other, and with the counter-parts being interpreted and construed as if signed on the same signature page. PDF, faxed, and electronic or DocuSign signatures shall have in all respects the same effect as an original signature.

DATED: 2/12/2019

Plaintiff BayMark Health Services, Inc.
By: Frank Baumann
Title: Executive Vice President

DATED: 2/12/2019

Plaintiff BAART Programs, Inc.
By: Frank Baumann
Title: Executive Vice President

DATED: 2/12/2019

Plaintiff Addiction Research and Treatment, Inc.
By: Frank Baumann
Title: Executive Vice President

DATED: 2/19/19

Defendant City of Concord
By: Valerie Barone
City Manager

DATED: 2/15/2019

_____
Defendant Andrea Ouse
Director of Community and Economic
Development, City of Concord

**APPROVED AS TO FORM:**

LAW OFFICES OF AMITAI SCHWARTZ

DATED: 2/12/2019

_____
Amitai Schwartz
Plaintiffs' Attorneys

MCNAMARA, NEY, BEATTY, SLATTERY
BORGES & AMBACHER, LLP

DATED: 2/19/19

_____
Martin J. Ambacher, Esq.
Defendants' Attorneys

Exhibit A to Settlement and Release Agreement
Baymark Clinic — 2158 Solano Way, Concord, CA

BAART/Baymark ("Baymark") or any successor entity at the site is to provide the following:

A. <u>Security Plan.</u> Provide and implement a security plan that includes the following:

- Hire a licensed uniformed security guard to monitor both the treatment clinic and the adjoining parking lot/shopping area during operating hours.
- Prohibit patients from loitering, including standing, sitting, or double parking, blocking driveways in vehicles, in the parking lot area or at the other retail establishments at the shopping mall.
- Provide a designated waiting area outside the clinic for patients to be picked up from the facility.
- Prohibit patients from engaging in disturbances or altercations, physical or verbal, within the parking lot or shopping center area.
- Provide regular monitoring and removal of litter within the area surrounding the treatment clinic, including the parking lot area. Also provide for removal of graffiti at our facility within 48 hours.
- Limit patients to smoking or vaping only in the area designated by Baymark.
- Prohibit patients from bringing or transporting any weapons of any kind, including but not limited to firearms or knives, to the facility or in any area of the shopping area.
- Anticipated operating hours are 6 a.m. to 2 p.m. Mondays through Fridays, and 7 a.m. to 10 a.m. Saturdays and Sundays. In no event shall the treatment center be open later than 9 p.m.
- Parking lot and facility lighting adequate to allow clear identification of the entrance of the treatment clinic, at all times, from 25 feet. Lighting shall either operate on a 24 hour basis, or with a light sensor to remain lit during dark or nighttime hours.
- No rear-door customer ingress or egress except as otherwise required by local, state, or federal law.
- As permitted by state or federal regulations, the business must be fitted with an ingress/egress alarm system featuring camera monitoring and recording at the front and rear door(s) on a 24-hour basis.
- Business activities must be contained within the four walls of the unit — no outside queues, check-ins, or storage of items/merchandise/medical items (other than specimens for pickup).
- Without violating any HIPAA or 42 CFR Part II regulations, cooperate with police department staff on security and safety matters.
- Prohibition of patients using alcohol, cannabis, illegal drugs, or other non-treatment-related drugs, cannabis accessories or paraphernalia on the premises,

common shopping area, parking lot. BAART shall also notify its clients or patrons that these substances and paraphernalia are not permitted on site or in the adjoining shopping area/ parking lot.

B.  <u>Community Relations Plan</u> — Provide and implement a Community Relations Plan that includes the following:

- Identify program personnel (including contact information) who will function as a community relations coordinator or liaison with the neighboring businesses, residences and police department.
- Identify program personnel who will serve as a community resource for the police department regarding substance use and related health and social issues.
- Participate in quarterly meetings with Concord Police Department staff to discuss issues and/or complaints from the neighborhood.
- Consistent with the Security Plan outlined above, develop policies and programs that address patient loitering in the shopping center, and parking lot.
- Develop a mechanism (such as a dedicated staff member, online or telephone "hotline" system) to allow for the neighboring community to provide input or register any complaints to BAART in connection with its operations in the community, and develop a protocol to address neighbor comments or complaints, both during and outside the regular operating hours of the OTP.
- Invite neighboring businesses and residences to an "open house" or community meeting before opening, and as requested by the police department based on community interest, to provide education about the OTP.
- Assist with neighborhood "clean-up" activities (such as litter, trash or refuse removal) within the community or participate in the City's "Adopt a Street" program.

C.  <u>Other Provisions:</u>

- All tenant improvements shall be subject to Contra Costa County Fire Protection District, the Contra Costa Water District and all other applicable City of Concord Planning, Building and Engineering codes and ordinances.
- No streamers, banners, inflatables, a-frame signs, human sign spinners, off-site signage and similar temporary signs or materials to call attention to the OTP facility. Any signs installed at the site shall be subject to the City's sign ordinance, (Chapter 18.180 of the City's Development Code).
- Baymark shall maintain and keep in clean and good condition all exterior improvements for the area adjacent to and in front of the tenant space. Exterior improvements include but are not limited to removing trash and litter, and maintaining landscaping (that is not maintained by the City), street or shopping center furniture, trash receptacles and enclosures, signs and building facades.

DATED: 1/14/19   _____
Tom Schwallie, Vice President, BayMark Health Services, Inc.

DATED: 1/14/19   _____
Frank Baumann, Authorized Representative, BAART & Addiction Research and Treatment, Inc.

DATED: 1/14/2019   _____
Joshua Clendenin, Senior Assistant City Attorney, City of Concord

DATED: 1/14/19   _____
Andrea Ouse, CED Director, City of Concord

**APPROVED AS TO FORM:**

DATED: 1/14/19   _____
Amitai Schwartz, Esq.
Plaintiffs' Attorney

DATED: 1/14/19   _____
Martin J. Ambacher, Esq.
Defendants' Attorney